UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
VITO MARRONE, ROBERT TORRES,
and MICHAEL IORIO,                                                MEMORANDUM
                                                                  AND
              Plaintiffs,                              ORDER
    -against-                                              02-CV-5763 (TCP)

TELESERVICES GROUP, INC., JOHN X.
ADILETTA, EUGENE COLLINS and
JOHN PRON,

              Defendants.
------------------------------------------------------X

PLATT, District Judge.

    Before the Court is defendants Adiletta, Collins and Pron's (collectively "Individual Defendants") motion to transfer venue of this matter to the United States District Court for the District of New Jersey "for referral to that District's Bankruptcy Division."

    For the following reasons, defendants' motion is **DENIED**.

    In August 2000, defendant Teleservices Group, Inc. ("TSG") was incorporated in New Jersey for the purpose of purchasing various distressed telecommunications companies. Defendants Adiletta and Collins were directors and officers of TSG while defendant Pron was the corporation's controller. Plaintiffs were the legal and equitable owners of 100% of the no par common stock known as Tel@Net Information Systems Corp. ("Tel@Net"). In August 2000, defendants Adiletta and Collins, acting on behalf of TSG, purchased plaintiffs' interest in Tel@Net.

    Pursuant to the contract of sale between plaintiffs and defendants, TSG

gave plaintiffs a promissory note secured by Tel@Net stock. In or around June 2002, TSG went out of business.

On October 30, 2002, plaintiffs filed their Complaint in this action asserting claims against TSG as well as the Individual Defendants. On or about March 6, 2003, defendant TSG filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the District of New Jersey. On March 25, 2003, plaintiffs each filed proofs of claim in the TSG bankruptcy proceeding. On June 3, 2003, this Court issued an Order staying further proceedings in the instant case pending resolution of the bankruptcy case. Subsequently, on October 21, 2003, the TSG bankruptcy trustee initiated an adversary proceeding on behalf of the corporation which asserts causes of action against, *inter alia*, the Individual Defendants.

The Individual Defendants now seek an Order transferring this action to the District Court of New Jersey for referral to the United States Bankruptcy Court for the District of New Jersey. In support of their motion, defendants contend that the instant case presents claims substantially identical to those in the adversary proceeding and, as a result, both actions should be addressed by one court.

The Individual Defendants further claim that all proceedings related to a bankruptcy action should be litigated in the bankruptcy court thereby negating the presumption favoring plaintiffs' choice of forum. Additionally, defendants state that by filing proofs of claim in the bankruptcy action, plaintiffs' claims in this

proceeding have become "core proceedings" subject to the jurisdiction of the bankruptcy court. Furthermore, defendants claim that since their alleged misfeasance occurred in New Jersey where TSG is headquartered and where its bank accounts are located, venue is proper in that state. Finally, defendants state that the relative locations of the parties, witnesses and documents as well as the convenience of the witnesses favors transfer to New Jersey.

Plaintiffs oppose defendants request to transfer venue and argue that they are entitled to their choice of forum. Additionally, plaintiffs are New York residents and the negotiations with regard to the Individual Defendants' purchase of plaintiffs' Tel@Net stock, including defendants' allegedly fraudulent representations, took place in New York. Furthermore, plaintiffs claim that the documents and witnesses relevant to this case are located in New York and that there is little or no hardship or inconvenience in having defendants, witnesses and documents brought to the Eastern District of New York. Plaintiffs also allege that discovery is complete and request that the Court put this matter on the trial calendar.

In addition, plaintiffs claim that the Individual Defendants delay in making the instant motion, i.e., in excess of four and one-half years since the commencement of this action and four years since TSG filed for bankruptcy, weighs against the transfer of venue in this matter

Plaintiffs also argue that defendants' motion should be denied because this action is not a proceeding in bankruptcy. Instead, the claims made against the

Individual Defendants are direct claims whereas the adversary proceeding brought by the trustee is derivative in nature and any proceeds from that lawsuit will inure to TSG's entire creditor body.

Plaintiffs further state that the filing of proofs of claim in the bankruptcy proceeding does not confer that Court with jurisdiction over them so that it could hear plaintiffs' direct claims against the Individual Defendants. Finally, plaintiffs seek a jury trial, which is not available in the bankruptcy court.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006) (citing In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)).

The moving party bears the burden of demonstrating that a transfer of venue is appropriate and "must establish (1) that 'the action to be transferred is one that might have been brought in the district to which the movant seeks to have

---

1. Although courts are divided as to whether 28 U.S.C. § 1412, which provides that a "district court may transfer a case or proceeding under title 11 to a district court for another district, in the interests of justice or for the convenience of the parties," or 28 U.S.C § 1404(a) applies in cases "related to" bankruptcy proceedings as compared to cases "arising under" Title 11, this Court need not decide this issue as analysis under either statute is identical in this case. See City of Liberal, Kansas v. Trailmobile Corp., 316 B.R. 358, 362 (D. Kan. 2004) (holding that the "only substantial difference between the statutes is the additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been valid originally"). As defendants note in their moving papers, all defendants are New Jersey residents and thus, plaintiffs could have brought this action in New Jersey pursuant to 28 U.S.C. 1391(a)(1).

it transferred,' and (2) that the 'convenience of parties and witnesses and the interests of justice favor transfer.' " G. Angel Ltd. v. Camper & Nicholsons USA, Inc., No. 06-3495, slip op. at 3 (S.D.N.Y. February 8, 2008).

In deciding whether the convenience of the parties and witnesses and whether the interests of justice will be served, a district court may consider, among other things, the following factors:

> "(1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of the relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witness, [and] (7) the relative means of the parties."

D.H. Blair & Co., Inc., 462 F.3d at 107-08 (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F.Supp.2d 341, 343 (S.D.N.Y. 2002)).

As to the first inquiry, i.e., whether this action might have been brought in the district to which transfer is sought, plaintiffs could have brought this action against defendants in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(a)(1) given that all of the defendants reside in New Jersey.[2]

As to the second part of the inquiry and in consideration of the foregoing factors, a court "should not disturb a plaintiff's choice of forum 'unless the defendants make a clear and convincing showing that the balance of convenience

---

2. Title 28 U.S.C. § 1391(a)(1) provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State . . . ."

favors defendants' choice.' " Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F.Supp.2d 203, 208 (S.D.N.Y. 1998) (quoting Hubbell Inc. v. Pass & Seymour, Inc., 883 F.Supp. 955, 962 (S.D.N.Y. 1995)). Additionally, a plaintiff is entitled to its choice of forum in the event the factors are equally balanced and the plaintiff's choice of forum is generally accorded more deference when it is a resident of the forum state. Id. at 210. See Herbert Limited Partnership v. Electronic Arts, Inc., 325 F.Supp.2d 282, 291 (S.D.N.Y. 2004) ("[a] court generally accords significant weight to a plaintiff's choice of forum"); Goldberg Holding Corp. v. NEP Productions, Inc., 93 B.R. 33, 35 (S.D.N.Y. 1988) ("[W]hen a plaintiff chooses a forum that is not its residence, the plaintiff's choice is not as compelling.") (citing Alexander & Alexander v. Donald F. Muldoon & Co., 685 F.Supp. 346, 349 (S.D.N.Y. 1988)).

In this case, the plaintiffs are all residents of New York and the defendants' allegedly harmful conduct had an effect on the plaintiffs in New York. According to the plaintiffs' opposition papers, relevant witnesses and all of the documents upon which plaintiffs will rely at trial are located in New York. Furthermore, the contract upon which this action is based was negotiated in New York.

As to the convenience of the witnesses, "[c]ourts typically regard the convenience of witnesses as the most important factor in considering a § 1404(a) motion to transfer." Herbert Limited Partnership, 325 F.Supp.2d at 286. See Pilates, Inc. v. Pilates Institute, Inc., 891 F.Supp. 175, 183 (S.D.N.Y. 1995)

("Courts generally view the convenience of witnesses as the single most important factor in the balance."). Furthermore, the movant "must support the application with an affidavit containing detailed factual statements relevant to why the transferee forum is more convenient, including the potential principal witnesses expected to be called and a general statement of the substance of their testimony." Modern Computer Corp. v. Ma, 862 F.Supp. 938, 948 (E.D.N.Y. 1994).

In the instant motion, defendants have not submitted a list of probable witnesses who would be inconvenienced if the litigation continues in this forum, nor have they set forth any general statements concerning the substance of the witnesses' testimony. Defendants argue, however, that both party and non-party witnesses are located in New Jersey and would be inconvenienced if they had to travel to this District to give testimony.

In Luciano v. Maggio, 139 B.R. 572, 577 (E.D.N.Y. 1992), the Court found "very little inconvenience in getting the trustee from Clifton, New Jersey over the George Washington Bridge and shortly thereafter into the Eastern District of New York.." Similarly, this Court finds that defendants and any non-party witnesses will not be inconvenienced in light of the proximity between New Jersey and the Eastern District. At most, any witnesses will have to travel approximately sixty (60) miles from the George Washington Bridge to the Federal Courthouse in Central Islip, New York. Accordingly, this factor weighs against transfer of this action.

Likewise, while potentially relevant documents and other sources of proof

may be located in New Jersey, the defendants have not specifically set forth any circumstances which would prevent said documents and proof from being brought into this District. Indeed, plaintiffs claim that discovery is complete and that they are ready to proceed to trial in this matter. As a result, this factor also weighs against transfer of venue from this District to the District of New Jersey.

With regard to the convenience of the parties, defendants will not be so inconvenienced by traveling to the Eastern District of New York from New Jersey so as to outweigh the plaintiffs' choice of forum, which, as aforesaid, is presumptively correct. Furthermore, defendants have already traveled into New York to execute the contract at issue.

As to the locus of operative facts, this claim arises out of defendants' actions and alleged misfeasance in New Jersey where defendant TSG is located. Given that the conduct giving rise to the claim occurred in New Jersey, this factor marginally favors transfer to that District.

Neither party has identified any unwilling witnesses for whom process is unavailable to compel testimony, and as a result, this factor weighs neither in favor of or against transfer.

With regard to the last factor, i.e., the relative means of the parties, " 'any party arguing for a transfer on this basis must offer documentation showing that granting or denying the transfer would be unduly burdensome.' " Boehner v. Heise, 410 F.Supp.2d 228, 242 (S.D.N.Y. 2006) (quoting Student Advantage, Inc. v. International Student Exchange, No. 00-CV-1971(AGS), 2000 WL 1290585, at

*8 (S.D.N.Y. 2000)). Defendants have not offered any evidence that litigating this case in this District would be unduly burdensome. Thus, this factor does not warrant transfer of this action.

Defendants' also argue that plaintiffs' claims are "core proceedings" which must be heard by the bankruptcy court. "A non-exclusive list of actions which constitute core bankruptcy proceedings is set forth in 28 U.S.C. § 157(b)(2)."[3] Tultex Corp. v. Freeze Kids, LLC, 252 B.R. 32, 36 (S.D.N.Y. 2000). "Non-core proceedings are those 'related to' cases pending under Title 11." Id. at 36 n.4. In Goldberg Holding Corp., 93 B.R. 33 at 34, the Court held that requests to transfer venue "related to" bankruptcy proceedings are properly analyzed pursuant to 28 U.S.C. § 1404(a) because "Section 1412 reflects Congress' intention to narrow the scope of the bankruptcy courts' jurisdiction by treating civil actions that are related to cases under title 11 differently from cases or proceedings arising under title 11." See In re The VWE Group, Inc., 359 B.R. 441, 448 (S.D.N.Y. 2007) (holding that "non-core proceedings 'involve disputes over rights that . . . have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy law and would exist in the absence of a bankruptcy case.' ").

This Court finds that plaintiffs' action for breach of contract, fraud and misrepresentation against the Individual Defendants is a non-core proceeding

---

3. Pursuant to 28 U.S.C. § 157(b)(2), core bankruptcy proceedings include matters concerning the administration of the bankruptcy estate; the allowance or disallowance of claims against the estate; and other proceedings affecting the liquidation of the estate's assets.

which is merely related to a pending bankruptcy case. It should be noted that the Individual Defendants have not declared bankruptcy and that TSG is the sole debtor in that case. Moreover and contrary to defendants' contentions, plaintiffs are not merely suing the Individual Defendants in their capacities as officers and directors of TSG, but seek to recover from the defendants in their individual capacities as well. Furthermore, this case does not arise under federal bankruptcy law and the plaintiffs brought the instant case prior to TSG's filing for bankruptcy. As a result, this case existed in the absence of the bankruptcy action. Accordingly, this Court has jurisdiction to hear plaintiff's state law claims against the Individual Defendants pursuant to 28 U.S.C. § 1332.

To the extent, however, that plaintiffs' Complaint alleges claims against defendant TSG for which the plaintiffs filed proofs of claim in the bankruptcy case, upon plaintiff's consent, TSG is severed from the instant action and this action will proceed only against the Individual Defendants.

Finally, plaintiffs oppose transfer of this action on the basis that a jury trial is not available to them in the bankruptcy action. In Granfinanciera, S.A. v. Nordberg, 429 U.S. 33, 34 (1989), the Supreme Court held that state law claims which "include legal as opposed to strictly equitable elements" and which seek monetary relief "are entitled to a jury trial, under the Seventh Amendment." The Supreme Court further held that "any fact finding . . . must be by a jury sitting before an Article III judge." Id.

In this case, plaintiffs' Complaint against the Individual Defendants seeks

monetary relief and alleges breach of contract as well as fraud and misrepresentation claims which present legal issues requiring findings of fact. Accordingly, plaintiffs are entitled to a jury trial on their claims against the Individual Defendants.

Upon consideration of the foregoing factors and the Court's finding that plaintiffs' claims against the Individual Defendants are non-core proceedings, defendants have not met their burden of clearly demonstrating that transfer of venue in this matter to the United States District Court for the District of New Jersey pursuant to § 1404(a) is warranted. Accordingly, defendants' request is **DENIED**.

SO ORDERED.

_____/s/_____
Thomas C. Platt, U.S.D.J,

Dated: May 28, 2008
Central Islip, New York